■ DEBRA CAPPEL, an Infant, by Her Father and Natural Guardian, BERNARD CAPPEL, et al., Appellants, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 4, NORTHPORT, Respondent.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for medical expenses and loss of services of her father, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered November 4, 1971 in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiffs' case at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. The infant plaintiff, who was then five years of age, was injured when other children who were attempting to lift a field hockey goal cage, which they had previously tipped over, dropped it. In our opinion, giving plaintiffs the benefit of every favorable inference which can reasonably be drawn from the evidence (see *Anderson* v. *Bee Line*, 1 N Y 2d 169), a case sufficient for presentation to the jury was made out. The cage, which was constructed of heavy galvanized steel pipe, was about 7 feet tall and 12 feet wide and was located in the middle of the playing fields of a junior high school. Neighborhood children were welcome to play on the fields when school was not in session. The cage was not affixed to the ground and was easily tipped over. Defendant owed a duty to keep the land in a reasonably safe condition (*Caldwell* v. *Village of Is. Park*, 304 N. Y. 268; *Collentine* v. *City of New York*, 279 N. Y. 119; *Jacques* v. *Village of Lake Placid*, 39 A D 2d 163). This duty includes consideration of the known propensities of children to climb about and play (*Collentine* v. *City of New York*, supra; *Hetzel* v. *Buffalo Cemetery Assn.*, 16 A D 2d 581). The field hockey cage, in appearance, resembles a parallel bar or monkey bar. This heavy cage could easily be tipped over, but was not anchored to the ground or otherwise secured, despite the fact that children could reasonably be expected to climb on it and play about it. The case of *Goldstein* v. *Board of Educ. of Union Free School*

*Dist. No. 23, Town of Hempstead* (24 A D 2d 1015, affd. 18 N Y 2d 991), which was relied upon by the Trial Justice in dismissing the complaint, is not controlling. Among the vital distinctions between that case and this are the following: The record in *Goldstein* reveals that the principal had told the children to stay away from the play area pending the completion of construction; in the instant case the children were invited to use the play area; in *Goldstein* no exception was taken to the charge to the jury that the infant plaintiff was a licensee who took the land as he found it (see CPLR 4017, 5501, subd. [a], par. 3); the complaint in the instant case was dismissed at the close of plaintiffs' case, but plaintiffs asserted that the duty owed was greater than that owing to a mere licensee; in *Goldstein*, the eight-year-old plaintiff knew that another child had been injured while attempting to lift the ladder; no such knowledge can be imputed to the five-year-old plaintiff in this case; and in *Goldstein*, the 250-pound horizontal ladder was difficult to move, while in the instant case the field hockey goal was easily tipped over. We are also of the view that it was error to bar proof of defendant's prior self-imposed custom and practice with respect to precautions taken in securing the field hockey goal cage when not in use (cf. *Dolan* v. *H. C. Bohack, Inc.*, 35 A D 2d 672; *Pignatelli* v. *Gimbel 'Bros.*, 285 App. Div. 625, affd. 309 N. Y. 901). Hopkins, Acting P. J., Munder, Shapiro, Gulotta and Benjamin, JJ., concur.