■ JOYCE NIELSEN, Individually and as Parent and Natural Guardian of DAVID W. NIELSEN, an Infant, Appellant, v TOWN OF AMHERST, Respondent, et al., Defendant. (Appeal No. 1.) [598 NYS2d 878] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: On June 16, 1989, nine-year-old David Nielsen and his four-year-old sister were playing on the soccer field at the Amherst Audubon Recreation Center. David sustained a fractured femur when a soccer goal upon which the children had been playing fell on his leg. David's mother commenced this action individually and on David's behalf against the Town of Amherst (the Town), which owns and operates the Audubon Recreation Center, and the Amherst Soccer Association, Inc. (the Association), a non-profit organization that operates a

soccer league for children and uses the Town's soccer fields. Supreme Court granted the motions of the Town and the Association for summary judgment and dismissed plaintiff's complaint.

Supreme Court erred in granting summary judgment to the Town. The Town " 'owes to those who use its parks a duty of ordinary care against foreseeable danger' " *(Leone v City of Utica,* 66 AD2d 463, 466, *affd* 49 NY2d 811, quoting *Scurti v City of New York,* 40 NY2d 433, 445). "Consistent with that duty, the degree of care to be exercised must take into account the known 'propensity' of children 'to roam and climb and play' " *(Leone v City of Utica, supra,* at 466, quoting *Collentine v City of New York,* 279 NY 119, 125). The record establishes that the soccer fields were open to the public and that children played on the soccer fields. The soccer goal was not secured to the ground, "despite the fact that children could reasonably be expected to climb on it and play about it" *(Cappel v Board of Educ.,* 40 AD2d 848). Given those circumstances, we conclude that questions of fact exist whether the Town was negligent in its maintenance of the soccer field and goal.

Summary judgment was properly granted to the Association. The Association did not own or maintain the soccer field or goal. The Association's provision of a net for the goal was not an affirmative act that created a danger sufficient to give rise to a duty to the general public *(cf., Varga v Parker,* 136 AD2d 932). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.