■ ROBERT LYNCH et al., Respondents, v SPORTS, LEISURE & ENTERTAINMENT RPG, Doing Business as AMATEUR TEAMS AND LEAGUES, et al., Appellants, et al., Defendants, and XAVIER CRAIG et al., Respondents. [896 NYS2d 413]—

In an action to recover damages for personal injuries, etc., the defendants Sports, Leisure & Entertainment RPG, doing business as Amateur Teams and Leagues, and Youth Lacrosse League of the Islips, Inc., appeal (1) from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated November 19, 2008, which denied their motion, in effect, for summary judgment dismissing the complaint and cross claims insofar as asserted against them and (2), as limited by their brief, from so much of an order of the same court dated March 5, 2009, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 19, 2008, is dismissed, as that order was superseded by the order dated March 5, 2009, made upon reargument; and it is further,

Ordered that the order dated March 5, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs-respondents and the defendants-respondents.

The infant plaintiff, who was then eight years old, was injured while playing in a public park when a lacrosse goal fell on him. The infant plaintiff's friend, the infant defendant, who also was eight years old, had been playing on the goal. It is unclear from the infant plaintiff's testimony at a hearing held pursuant to General Municipal Law § 50-h whether or not the infant plaintiff also was playing on the goal. The park was owned by the defendant Town of Islip. The goal was owned by the defendants Sports, Leisure & Entertainment RPG, doing business as Amateur Teams and Leagues, and Youth Lacrosse League of the Islips, Inc. (hereinafter together the YLL defendants).

The infant plaintiff, by his mother and natural guardian, and his mother, individually, commenced this action against the YLL defendants, the Town of Islip, Islip Union Free School District (hereinafter the School District), the infant defendant, by his mother and natural guardian, and the infant defendant's mother. The Supreme Court granted the respective motions of

the School District and the Town for summary judgment dismissing the complaint insofar as asserted against them. Subsequently, the YLL defendants moved, in effect, for summary judgment dismissing the complaint and cross claims insofar as asserted against them. The Supreme Court denied the motion of the YLL defendants without prejudice. The YLL defendants then moved for leave to reargue. The Supreme Court, upon reargument, adhered to the original determination. The Supreme Court held that the YLL failed to demonstrate their entitlement to judgment as a matter of law. We agree.

In particular, the YLL defendants owed a duty to keep the lacrosse goal in a reasonably safe condition. This duty included "consideration of the known propensities of children to climb about and play" (*Cappel v Board of Educ., Union Free School Dist. No. 4, Northport*, 40 AD2d 848, 848 [1972]; *see Nielsen v Town of Amherst*, 193 AD2d 1073, 1074 [1993]; *see also Collentine v City of New York*, 279 NY 119, 125 [1938]). Here, triable issues of fact exist as to whether the YLL defendants, in maintaining the lacrosse goal unsecured in a public park, which featured a playground, discharged this duty. Accordingly, the motion of the YLL defendants, in effect, for summary judgment dismissing the complaint and cross claims insofar as asserted against them was properly denied.

The remaining contentions of the YLL defendants are without merit. Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.