■ IRA J. NEWMAN, JR., et al., Appellants, v CITY OF GLENS FALLS, Respondent. [682 NYS2d 314] —Cardona, P. J. Appeal from an order of the Supreme Court (Dier J.), entered July 15, 1998 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

On July 15, 1995, plaintiff Joan E. Newman (hereinafter plaintiff) was seriously injured when she was struck by a falling branch from a tree located between the sidewalk and curb in front of her home in an area owned and maintained by defendant City of Glens Falls in Warren County. On two occasions prior to the accident, plaintiff's husband, plaintiff Ira J. Newman, Jr., spoke with Richard Crowe, the City Forester, about the condition of the tree after he noticed sawdust, twigs and dead bark around its base. Crowe inspected the tree and reported that it was structurally sound.

After the accident, plaintiffs commenced this personal injury action against defendant alleging, *inter alia*, that defendant failed to properly maintain the tree or remove it even though it had notice of its dangerous condition. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion resulting in this appeal.

We affirm. As a general rule, landowners owe a duty to keep

their land in a reasonably safe condition considering all the circumstances (*see, Dumoulin v Oval Wood Dish Corp.*, 211 AD2d 883, 885; *Christopher v Traditi*, 178 AD2d 807, 808). Concerning the instant occurrence, a municipality owes a duty to maintain and inspect trees on its property which border streets and roadways (*see, Harris v Village of E. Hills*, 41 NY2d 446, 449). However, "no liability attaches to a landowner whose tree falls outside of his premises and injures another unless there exists actual or constructive knowledge of the defective condition of the tree" (*Ivancic v Olmstead*, 66 NY2d 349, 350-351, *cert denied* 476 US 1117; *see, Harris v Village of E. Hills, supra*, at 449; *Rinaldi v State of New York*, 49 AD2d 361, 363).

In this case, the record contains conflicting evidence concerning whether the tree was in a defective condition and what notice defendant had of same. It is undisputed that plaintiff's husband informed Crowe of his observations regarding the sawdust and bark around the tree prior to the accident. Crowe testified that he conducted a visual inspection of the tree in 1991 or 1992 and did not notice any structural defects. He stated that he again inspected the tree in 1994 and did not see anything which would indicate that the tree was diseased or rotting. Defendant's expert, who examined the tree and removed it after the accident, averred that the tree appeared healthy except for the fallen branch that struck plaintiff which was afflicted with heart rot. He stated that the condition was not visible because the branch was encased within several inches of live tree. He further stated that the sawdust and bark observed by plaintiff's husband were not necessarily related to the faulty branch or to any structural deficiencies.

Plaintiffs' expert, on the other hand, averred that his inspection of the subject branch revealed a severe crook in the limb with a bird or squirrel hole approximately three inches in diameter which went into a cavity that extended six or seven feet back to where the limb broke from the trunk of the tree. He stated that although tissue had grown around a portion of the branch, signs of decay were evidenced by the abnormal crooked shape of the limb which had disturbing size changes. He indicated that the sawdust and dead bark around the base of the tree was further evidence of decay. He opined that a reasonable inspection of the tree would have revealed the dangerous condition.

The foregoing raises questions of fact concerning whether the tree was in defective condition at the time of the inspections conducted by Crowe, whether defendant had notice of or should have had notice of the defective condition and whether

defendant was negligent in not taking remedial action prior to the accident. Accordingly, we find that Supreme Court properly denied defendant's motion for summary judgment.

Furthermore, we find no merit to defendant's claim that its motion should have been granted due to plaintiffs' failure to comply with its prior written notice statute. Insofar as defendant's statute provides that it applies to the defective or unsafe condition of a tree, it is beyond the scope of General Municipal Law § 50-e (4) and, therefore, invalid (*see, Walker v Town of Hempstead*, 84 NY2d 360, 367-368; *Hughes v City of Niagara Falls*, 225 AD2d 1059).

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.