■ WILLIAM J. EHLERS, Respondent, v COUNTY OF OTSEGO, Appellant, et al., Defendants. [784 NYS2d 669]—

Kane, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered December 24, 2003 in Otsego County, which, inter alia, denied defendant County of Otsego's motion for summary judgment dismissing the complaint against it.

Plaintiff was driving past a grove of maple trees on Route 50 in Otsego County when a tree limb fell onto his vehicle, smashed through the windshield and hit him in the face, breaking his jaw and teeth. The grove of trees was located on private property but within the right-of-way controlled by defendant County of Otsego (hereinafter defendant). Plaintiff commenced this action claiming, among other things, that defendant negligently maintained the trees located in its right-of-way. Defendant moved for summary judgment and plaintiff cross-moved for partial summary judgment. Supreme Court denied both motions, prompting defendant's appeal. We affirm.

To prove its lack of constructive notice that the tree limb constituted a dangerous condition, defendant submitted evidence that the roadway in question had been regularly inspected and trimmed, and that no dead limbs had been reported to or noted by its employees. Plaintiff presented his own affidavit averring that the limb that hit his vehicle looked dead. He also put forth the affidavit of a forestry expert stating that the trees in the area of the accident were fraught with disease, the limb in question was diseased and infected with fungus, in his opinion the trees in the area had been in poor condition for over 20 years, and these conditions were self-evident through a simple visual inspection of the trees. Based on this conflicting evidence, a jury must decide the factual question of whether defendant had constructive notice of this dangerous condition, that is whether the dangerous condition was visible and apparent and " 'existed

for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it' " (*Fowle v State of New York*, 187 AD2d 698, 699 [1992], quoting *Ferris v County of Suffolk*, 174 AD2d 70, 75 [1992]; *see De Sanctis v Montgomery El. Co.*, 304 AD2d 936, 936-937 [2003]; *Leach v Town of Yorktown*, 251 AD2d 630 [1998], *lv denied* 92 NY2d 814 [1998]). Although plaintiff could not pinpoint the exact tree from which the subject tree limb dropped, deposition testimony established that it came from one of four or five trees located in a specific area. The question of exactly which tree dropped the limb is one of fact to be established at trial, if such a determination is even necessary. Accordingly, Supreme Court properly denied defendant's motion for summary judgment.

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.