■ MATTHEW J. BABCOCK, Respondent, v COUNTY OF ALBANY et al., Defendants, and ROBERT J. McDONALD, Individually and Doing Business as McDONALD'S PLUMBING, Appellant. [925 NYS2d 703]—

McCarthy, J. Appeal from an order of the Supreme Court (McDonough, J.), entered July 16, 2010 in Albany County, which denied a motion by defendant Robert J. McDonald for summary judgment dismissing the complaint against him.

In July 2005, while plaintiff was riding a motorcycle on Route 144 in the Town of Coeymans, Albany County, a massive tree limb fell onto the road and injured plaintiff. The tree from which the limb fell was located on property owned by defendant Robert J. McDonald (hereinafter defendant). Plaintiff commenced this action alleging, among other things, that defendant was negligent in the maintenance of the tree on his property. After Supreme Court granted motions for summary judgment dismissing the complaint as against the other defendants, defendant moved for summary judgment dismissing the complaint as against him. The court denied defendant's motion, prompting this appeal.

We affirm. When a tree falls and injures someone who is not present on the property where the tree is located, the landowner can only be held liable if he or she had actual or constructive knowledge of the defective condition of the tree (*see Ivancic v Olmstead*, 66 NY2d 349, 350-351 [1985], *cert denied* 476 US 1117 [1986]; *Newman v City of Glens Falls*, 256 AD2d 1012, 1013 [1998]). Constructive notice that a tree or limb is dangerous may be based upon signs of decay or other defects that are readily observable by someone on the ground or that a reasonable inspection would have revealed (*see Ivancic v Olmstead*, 66 NY2d at 351; *Ferrigno v County of Suffolk*, 60 AD3d 726, 727-728 [2009]; *Lillis v Wessolock*, 50 AD3d 969 [2008]). Through submission of his deposition testimony, defendant met his initial burden of demonstrating that he never received complaints about the tree and never observed any abnormalities that would have caused him to suspect that it was dangerous. The burden then shifted to plaintiff to establish a triable question of fact.

Plaintiff raised factual questions, mainly through the submission of an expert affidavit and photographs of the tree and limb. An arborist provided his expert opinion, based upon a review of photographs taken around the time of the accident and an inspection of the tree in April 2009, that the tree and limb had defects that would have been readily observable in July 2005 (*see Crawford v Forest Hills Gardens*, 34 AD3d 415, 416 [2006]). The expert explained the basis for his opinion, including by marking photographs to show different cracking, coloring and weathering patterns on different portions of the tree.

Defendant testified that he did not trim branches from the tree—and contrarily that he only trimmed a few branches under

limited circumstances—and he never hired anyone else to maintain his trees, but that the utility company trimmed his branches once. The expert contradicted this testimony by noting evidence of branches having been trimmed on the side of the tree near the house, whereas the utility company would only trim near the power lines and the state would only trim on the side near the roadway that it was responsible for maintaining. The expert opined that if defendant or his agent had trimmed branches on the side near the house, the trimmer would or should have seen the decay on the limb at issue. This created a factual question as to whether defendant had at least constructive notice of the condition of the limb due to trimming, in addition to the defects that the expert indicated would have been observable from the ground (*see Rinaldi v State of New York*, 49 AD2d 361, 363-364 [1975]). Although the expert inspected the tree nearly four years after the accident, his affidavit was admissible (*see Oboler v City of New York*, 8 NY3d 888, 890 [2007]); he explained how he reached his conclusion that certain aspects of decay or defects would have been observable prior to the date of the accident (*compare Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 680-681 [2001]). Thus, plaintiff raised questions of fact requiring denial of defendant's motion for summary judgment (*see Ehlers v County of Otsego*, 12 AD3d 814, 814-815 [2004]; *Jurgens v Whiteface Resort on Lake Placid*, 293 AD2d 924, 926 [2002]).

Rose, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.