◼ EDWIN SLEEZER, Respondent, v HOLLIS ZAP, Appellant. [933 NYS2d 764]—

McCarthy, J.

As plaintiff was driving on a public highway, two large limbs from a tree located on defendant's property fell and struck plaintiff's vehicle, causing him injuries. He commenced this negligence action against defendant for failing to maintain the tree or remedy its allegedly defective condition. Defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting defendant's appeal.

Defendant owed a duty to travelers on the adjacent highway to maintain her property in a reasonably safe condition (*see Newman v City of Glens Falls*, 256 AD2d 1012, 1012-1013 [1998]). This duty may only be considered breached if defendant had actual or constructive notice of a dangerous or defective condition pertaining to the tree and failed to correct that condition (*see Ivancic v Olmstead*, 66 NY2d 349, 350-351 [1985], *cert denied* 476 US 1117 [1986]; *Harris v Village of E. Hills*, 41 NY2d 446, 449 [1977]). The record does not contain any proof of actual notice. "Constructive notice that a tree or limb is dangerous may be based upon signs of decay or other defects that are readily observable by someone on the ground or that a reasonable inspection would have revealed" (*Babcock v County of Albany*, 85 AD3d 1425, 1426 [2011] [citation omitted]; *see Ivancic v Olmstead*, 66 NY2d at 351; *Lillis v Wessolock*, 50 AD3d 969 [2008]).

Through submission of her deposition testimony, defendant met her initial burden of establishing that she lacked actual or constructive notice (*see Babcock v County of Albany*, 85 AD3d at 1426). She testified that she saw the tree every day and was aware that a portion of its branches extended over the road, but she was not concerned because the "tree was healthy." She had never noticed any effect on the branches from snowfall. Previously, her former husband had pruned the tree whenever "there were branches that appeared to be weak or that appeared not to be producing needles or that looked like they needed to come down." Additionally, the man in charge of the county crew that removed the limb after it fell told defendant that the larger limb was not rotted, and he could only assume that it may have been weakened in a wind storm the prior week.

The burden then shifted to plaintiff, who failed to raise an issue of fact regarding notice. Plaintiff testified that he had no knowledge of the tree's allegedly defective condition prior to the accident. He "conceded that the tree was not rotted." Plaintiff's expert arborist opined that the problem was structural, mainly that the angle and length of the larger limb that fell created a weight factor and a hazardous condition that, due to environmental conditions in this area, would result in an accident at some time. The arborist also stated that "the health of the tree would be considered fair to good" based upon industry standards. He did not identify any rot or deterioration. Notably, the arborist did not indicate that an average person—as opposed to an expert—would have been able to conclude, upon reasonable inspection of this healthy tree, that a limb was structurally unsound and posed a danger based on the length, angle and weight of that limb (*see Ivancic v Olmstead*, 66 NY2d at 351). As the record contains no proof that defendant had actual or constructive notice that her tree posed a danger to anyone, she is entitled to summary judgment dismissing the complaint (*see Pulgarin v Demonteverde*, 63 AD3d 1026, 1027 [2009]).

Peters, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.