Stein, J.
Appeal from an order of the Supreme Court (Demarest, J.), entered December 22, 2011 in Franklin County, which, among other things, denied defendant’s motion for summary judgment dismissing the complaint.
In July 2005, while attending an event organized by the Burke Volunteer Fire Department at a field owned by defendant, Town of Burke, plaintiff was severely injured when a large tree branch fell on her head and shoulder. Plaintiff subsequently commenced this action against the Town and the Burke Volunteer Fire Department and both moved thereafter for summary judgment dismissing the complaint. Supreme Court granted each of the motions. However, on appeal, this Court modified Supreme Court’s order by reversing so much thereof as granted the Town’s motion (86 AD3d 660 [2011]). In doing so, we specifically noted the Town’s failure to submit proof regarding what inspections it had performed and whether it had maintained the field in a reasonably safe condition (id. at 661-662). Upon return to Supreme Court, the Town filed a second motion for summary judgment dismissing the complaint, this time adding an affida *1128 vit from its Highway Superintendent which explained the manner in which the Town had inspected the subject field. Supreme Court, among other things, denied the Town’s motion, prompting this appeal.
We affirm. Initially, we agree with plaintiff that the Town’s summary judgment motion should not have been considered. “ ‘[Mjultiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause’ ” (Matter of Bronsky-Graff Orthodontics, P.C., 37 AD3d 946, 947 [2007], quoting La Freniere v Capital Dist. Transp. Auth., 105 AD2d 517, 518 [1984]; accord Town of Santa Clara v Yanchitis, 90 AD3d 1297, 1298 [2011]). Here, the Town’s second motion for summary judgment was made solely upon the added affidavit of its Highway Superintendent, which was submitted to address the deficiencies in the Town’s proof as outlined by our prior decision. However, such affidavit was not new evidence, as no reason was given why it could not have been submitted with the initial motion (see Pavlovich v Zimmet, 50 AD3d 1364, 1365 [2008]). For the same reason, this evidence could not have been a valid basis to grant renewal of the first summary judgment motion (see CPLR 2221 [e] [2], [3]; Town of Kirkwood v Ritter, 80 AD3d 944, 948 [2011]). We discern no valid purpose for allowing a successive summary judgment motion that is based solely upon a party’s belated attempt to remedy its inadequate initial proffer, without any valid explanation as to why the additional evidence was not offered in the first instance.
In any event, were we to address the merits of the motion, we would find that the Town had not demonstrated its entitlement to judgment dismissing the complaint as a matter of law. Assuming that the Town met its prima facie burden showing that it reasonably inspected the field and did not have constructive notice of any dangerous condition, photographs of the tree and the affidavits proffered by plaintiff—including her own, as well as those of witnesses to her injury and an expert arborist— demonstrate that there was clear indicia of decay to the tree limb which must have been present and apparent for a substantial period of time prior to plaintiff’s injury (see Ivancic v Olmstead, 66 NY2d 349, 350-351 [1985], cert denied 476 US 1117 [1986]; Babcock v County of Albany, 85 AD3d 1425, 1427 [2011]; Pulgarin v Demonteverde, 63 AD3d 1026, 1026-1027 [2009]; Ferrigno v County of Suffolk, 60 AD3d 726, 728 [2009]; compare Sleezer v Zap, 90 AD3d 1121, 1122 [2011]). As a result, viewing the evidence in a light most favorable to plaintiff (see U.W. Marx, Inc. v Koko Contr., Inc., 97 AD3d 893, 894 [2012]), *1129 Supreme Court properly determined that there are issues of fact requiring denial of the Town’s motion for summary judgment.
Peters, EJ., Lahtinen and Spain, JJ., concur.
Ordered that the order is affirmed, with costs.