*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 16, 2014                517354
_____

In the Matter of STARLA D.,
                    Respondent,

            v                              MEMORANDUM AND ORDER

JEREMY E.,
                    Appellant.
_____

Calendar Date: September 12, 2014

Before: Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

_____

        Jeremy Bogosian, Clifton Park, for appellant.

        Stephen M. Dorsey, County Attorney, Ballston Spa (Michael
J. Hartnett of counsel), for respondent.

        Heather Corey-Mongue, Ballston Spa, attorney for the child.

_____

Egan Jr., J.

        Appeals (1) from two orders of the Family Court of Saratoga
County (Howley, S.M.), entered August 22, 2013, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 5-B, to determine paternity of a child born to
petitioner and for an award of child support, and (2) from an
order of said court (Jensen, J.), entered October 11, 2013, which
denied respondent's objections to said orders.

        In December 2001, petitioner, a resident of Alabama,
commenced a proceeding in the Juvenile Division of the District
Court of Colbert County, Alabama (hereinafter the Alabama court)
against respondent, a New York resident, alleging that respondent
was the biological father of the subject child (born in 2001) and

seeking an award of child support. Respondent, appearing pro se, answered and thereafter underwent DNA testing. Petitioner, who did not complete her portion of the DNA testing, subsequently moved to dismiss the proceeding "with prejudice" and, in July 2004, the Alabama court granted her request.

Thereafter, in January 2011, petitioner commenced the instant proceeding against respondent pursuant to the Uniform Interstate Family Support Act (see Family Ct Act art 5-B), seeking to establish paternity and, in conjunction therewith, an award of child support. Respondent moved to dismiss the petition contending, among other things, that the proceeding was barred by res judicata and/or equitable estoppel. A Support Magistrate transferred the matter to Family Court for a hearing as to the equitable estoppel defense and, at the conclusion thereof, Family Court, among other things, dismissed respondent's equitable estoppel defense. Upon respondent's appeal from that order, this Court affirmed (95 AD3d 1605 [2012], lv dismissed 19 NY3d 1015 [2012]).

Following another unsuccessful motion to dismiss based upon similar grounds, respondent answered and moved for summary judgment, again contending that this proceeding was barred by res judicata and equitable estoppel. When a Support Magistrate denied respondent's motion, respondent unsuccessfully moved for reconsideration and thereafter filed objections to the Support Magistrate's order. Family Court denied respondent's objections and sanctioned respondent's counsel in the amount of $1,000 for frivolous motion practice.

In the interim, a hearing upon the underlying petition commenced. Thereafter, by orders entered August 22, 2013, the Support Magistrate rejected respondent's affirmative defenses and, based upon the evidence adduced at the hearing, issued the requested order of filiation and awarded child support. Respondent filed objections to the Support Magistrate's orders and, by order entered October 11, 2013, Family Court dismissed such objections and affirmed the Support Magistrate's orders in their entirety. These appeals by respondent ensued.

The crux of respondent's argument upon appeal is that Family Court erred in failing to apply the Full Faith and Credit Clause (see US Const, art IV, § 1) and principles of res judicata to bar petitioner from maintaining the instant proceeding. "In New York, res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action [or proceeding], or in privity with a party who was" (Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 122 [2008], cert denied 555 US 1136 [2009] [internal quotation marks and citations omitted]; see Gomez v Brill Sec., Inc., 95 AD3d 32, 35 [2012]).[1]

Here, there is no dispute that the Alabama proceeding involved the same parties and underlying issues, i.e., paternity and child support. Additionally, under both Alabama and New York law, a dismissal "with prejudice" indeed constitutes an adjudication "on the merits" (see Matter of Coleman v Coleman, 1 AD3d 833, 834 [2003]; Gonzalez, LLC v DiVincenti, 844 So 2d 1196, 1203 [Ala 2002]). Further, there is no question that the Alabama court had subject matter jurisdiction over the paternity and support proceeding. Accordingly, the only remaining issue is whether the Alabama court acquired personal jurisdiction over respondent.

Personal jurisdiction is — under both New York and Alabama law — a waivable defense (see CPLR 3211 [a] [8]; [e]; Alabama Rules of Civ Proc rule 12 [h] [1]). In this regard, although respondent raised lack of personal jurisdiction in his pro se answer, respondent testified at the paternity hearing that he did so only to avoid entry of a default judgment against him, and that he expressly advised the Alabama court that if there was

_____

[1] Although we are of the view that New York law applies here (see Family Ct Act §§ 580-101 [16], [17]; 580-303 [1]; 580-701 [b]), the choice of law issue need not detain us, as the elements of the doctrine of res judicata are the same under New York and Alabama law (see e.g. Bradberry v Carrier Corp., 86 So 3d 973, 986 [Ala 2011]).

going to be "a hearing with genetic testing that [he] would be a full participant." Respondent further testified that when the Alabama court declined to dismiss the proceeding for improper service, he affirmatively requested that he be allowed to undergo genetic testing in New York, that the Alabama court granted his request and that he subsequently underwent such testing. Under these circumstances, we are satisfied that respondent not only waived his right to assert that the Alabama court lacked personal jurisdiction over him but, indeed, expressly consented thereto. Accordingly, as all of the elements of res judicata are present, Family Court erred in failing to dismiss petitioner's application upon this ground.

As a final matter, we agree that respondent's counsel was not afforded adequate notice and opportunity to be heard prior to Family Court imposing sanctions.[2] In light of our conclusion that the Alabama court proceeding is entitled to preclusive effect here, the imposition of sanctions was unwarranted in any event.

Peters, P.J., Stein, Garry and Clark, JJ., concur.

ORDERED that the orders are reversed, on the law, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2] The appeal from Family Court's October 11, 2013 order brings up for review the propriety of the sanctions imposed in the prior intermediate order.