# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 11, 2014          518504
                                                 518713
_____

MLCFC 2007-9 ACR MASTER SPE,
    LLC,
                    Appellant,

        v

CAMP WAUBEEKA, LLC,
                    Defendant
                    and Third-
                    Party
                    Plaintiff-
                    Respondent,
        and

ROBERT C. MORGAN et al.,                MEMORANDUM AND ORDER
                    Respondents,
                    et al.,
                    Defendants;

LNR PARTNERS, LLC,
                    Third-
                    Party
                    Defendant-
                    Appellant.

(Action No. 1.)
_____

MLCFC 2007-9 ACR MASTER SPE,
    LLC,
                    Appellant,

        v

AMERICAN CAMPING RESORT, LLC,
                    Defendant
                    and Third-
                    Party
                    Plaintiff-
                    Respondent,
        and

ROBERT C. MORGAN et al.,
                    Respondents,
                    et al.,
                    Defendant;

LNR PARTNERS, LLC,
                    Third-
                    Party
                    Defendant-
                    Appellant.

(Action No. 2.)

_____


Calendar Date:   October 6, 2014

Before:   Lahtinen, J.P., McCarthy, Egan Jr., Devine and
          Clark, JJ.

_____


       Herrick, Feinstein LLP, New York City (Scott T. Tross of
counsel), for appellant and third-party defendant-appellant.

       Cole, Schotz, Meisel, Forman & Leonard, P.A., New York City
(Joseph Barbiere of counsel), for defendants and third-party
plaintiffs-respondents and respondents.

_____


Egan Jr., J.

       Appeals (1) from an order of the Supreme Court (Mott, J.),
entered January 17, 2014 in Columbia County, which, in action No.
1, denied motions by plaintiff and third-party defendant for,
among other things, summary judgment, and (2) from an order of
said court (Ferradino, J.), entered February 6, 2014 in Saratoga

County, which, in action No. 2, denied motions by plaintiff and third-party defendant for, among other things, summary judgment.

In 2007, Countrywide Commercial Real Estate Finance, Inc. entered into a $38 million loan agreement with, among others, defendant Camp Waubeeka, LLC, defendant American Camping Resort, LLC, Echo Farms RV Resort, LLC and certain of the entities affiliated therewith. The loan was secured by a series of mortgages upon properties located throughout the United States, including – insofar as is relevant here – a mortgage in the amount of $9.5 million encumbering a recreational vehicle (hereinafter RV) park owned by Camp Waubeeka, LLC in the Town of Moreau, Saratoga County and a mortgage in the amount of $8.45 million encumbering a RV park owned by American Camping Resort, LLC in the Town of Copake, Columbia County. Through a series of allonges and assignments, the relevant loan documents were transferred to various entities before purportedly being assigned to plaintiff in 2013.

Following an alleged default, plaintiff commenced these mortgage foreclosure actions against, among others, Camp Waubeeka, LLC (action No. 1) and American Camping Resort, LLC (action No. 2) (hereinafter collectively referred to as defendants). In conjunction therewith, plaintiff also commenced a foreclosure action against Echo Farms RV Resort, LLC, which owned a RV park located in New Jersey. Each defendant answered in each action, asserting various affirmative defenses and counterclaims, and each commenced a third-party action against LNR Partners, LLC, a special servicer of the subject loan. In May 2013, plaintiff and third-party defendant moved for, among other things, summary judgment in action No. 2 and, in June 2013, sought similar relief in the context of action No. 1. By order dated July 23, 2013, Supreme Court (Mott, J.) denied the motion in action No. 1, finding that questions of fact existed as to whether plaintiff actually owned the underlying loan and, hence, had standing to maintain the foreclosure action. Shortly thereafter, Supreme Court (Ferradino, J.) reached a similar conclusion in action No. 2 and denied the requested relief.

In the interim, plaintiff moved for the appointment of a receiver in the Echo Farms' litigation in New Jersey. By order entered April 11, 2013, the Superior Court of New Jersey granted plaintiff's application; in so doing, the court concluded that there had been no break in the chain of assignment of the subject note and mortgage and, therefore, plaintiff had standing to maintain the underlying foreclosure action. The New Jersey court's April 2013 order and related findings (as set forth in the underlying bench decision) were expressly incorporated by reference in its June 2013 bench decision awarding plaintiff summary judgment in that action, which was reduced to an order and entered on June 27, 2013.

After a final judgment of foreclosure in the New Jersey action was rendered in November 2013, plaintiff and third-party defendant again moved for summary judgment in action Nos. 1 and 2, contending that the New Jersey court's rulings should be accorded preclusive effect here. By order entered January 17, 2014, Supreme Court (Mott, J.) denied the motion in action No. 1 finding, among other things, that neither the New Jersey court's April 2013 order nor its June 2013 decision and resulting order constituted newly discovered evidence for purposes of permitting a successive motion for summary judgment.[1] Thereafter, by order entered February 6, 2014, Supreme Court (Ferradino, J.) denied the motion in action No. 2 for similar reasons.[2] These appeals by plaintiff and third-party defendant ensued.

We affirm. "Generally, successive motions for summary judgment should not be entertained, absent a showing of newly

---

[1] Alternatively, Supreme Court (Mott, J.) found that plaintiff failed to establish that the relevant parties in the New Jersey action were in privity with the relevant parties in action No. 1 and, therefore, plaintiff was not entitled to summary judgment based upon res judicata/collateral estoppel.

[2] Although briefed by the parties, Supreme Court (Ferradino, J.) did not address the merits of the underlying motion, including whether privity had been established.

discovered evidence or other sufficient cause" (Tingling v C.I.N.H.R., Inc., 120 AD3d 570, 570 [2014] [citations omitted]; accord Vinar v Litman, 110 AD3d 867, 868 [2013]; see Keating v Town of Burke, 105 AD3d 1127, 1128 [2013]). In this regard, "evidence is not 'newly discovered' simply because it was not submitted on the previous motion. Rather, the evidence that was not submitted in support of the previous summary judgment motion must be used to establish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means" (Vinar v Litman, 110 AD3d at 868-869 [citations omitted]). Hence, if the facts or arguments now advanced could have been submitted in support of the original motion for summary judgment, the successive motion should not be permitted (see id. at 869).

We agree that the New Jersey court's various rulings do not constitute newly discovered evidence. The New Jersey court's April 2013 order resolving plaintiff's ownership of the loan and its standing to maintain the foreclosure action was entered two months before plaintiff and third-party defendant originally moved for summary judgment in action No. 1 and one month before a similar motion was made in action No. 2. Further, the record reflects that counsel for plaintiff and third-party defendant expressly apprised Supreme Court (Mott, J.) via a reply affidavit of the New Jersey court's award of summary judgment to plaintiff in June 2013, provided Supreme Court with a copy of the resulting order and argued that Supreme Court "should follow" the New Jersey court's decision. Accordingly, plaintiff and third-party defendant had ample opportunity to tender – and, in action No. 1, did in fact provide – the New Jersey court's prior rulings and to argue that Supreme Court should reach the same substantive conclusions here. Under these circumstances, and absent any other indication of sufficient cause for advancing the successive motions for summary judgment, plaintiff and third-party defendant's applications were properly denied (see Keating v Town of Burke, 105 AD3d at 1128; Pavlovich v Zimmet, 50 AD3d 1364, 1365 [2008]; see also Capuano v Platzner Intl. Group, 5 AD3d 620, 621 [2004]). Plaintiff and third-party defendant's argument that they could not bring the instant motions until after the final

judgment of foreclosure was rendered in the New Jersey action in November 2013 misses the mark, as plaintiff and third-party defendant were well aware of the New Jersey court's April 2013 and June 2013 rulings long before that date. Indeed, it was the New Jersey court's April 2013 bench decision, upon which the April 2013 and June 2013 orders were based, that contained the substantive analysis and resolution of the very standing and assignment issues upon which plaintiff and third-party defendant now seek to invoke the principles of res judicata/collateral estoppel.

Moreover, even assuming that the successive motions for summary judgment should have been permitted, we nonetheless conclude that such motions were properly denied. "[R]es judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action [or proceeding], or in privity with a party who was" (Matter of Starla D. v Jeremy E., 121 AD3d 1221, 1223 [2014] [internal quotation marks and citations omitted]; see Valenti v Clocktower Plaza Props., Ltd., 118 AD3d 776, 778 [2014]). Similarly, collateral estoppel, or issue preclusion, "precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity" (Weston v Cornell Univ., 116 AD3d 1128, 1129 [2014] [internal quotation marks and citation omitted]; see State of New York v Zurich Am. Ins. Co., 106 AD3d 1222, 1223 [2013]). "In addressing privity, courts must carefully analyze whether the party sought to be bound and the party against whom the litigated issue was decided have a relationship that would justify preclusion, and whether preclusion, with its severe consequences, would be fair under the particular circumstances. Doubts should be resolved against imposing preclusion to ensure that the party to be bound can be considered to have had a full and fair opportunity to litigate" (Buechel v Bain, 97 NY2d 295, 304-305 [2001], cert denied 535 US 1096 [2002]; see State of New York v Zurich Am. Ins. Co., 106 AD3d at 1223).

Here, the record reflects that defendants and Echo Farms RV Resort, LLC each are owned by a number of limited partnerships and/or limited liability companies that, in turn, are owned by certain partnerships, individuals or family members related thereto. While it appears that defendants and Echo Farms indeed may share some common ownership, neither the affidavit tendered by third-party defendant's asset manager on this point nor the documentary evidence appended thereto is sufficient to establish the privity required to invoke the principles of res judicata or collateral estoppel – particularly given the complex nature of the underlying transactions. As plaintiff and third-party defendant failed to tender sufficient admissible proof to satisfy the element of privity as a matter of law, their motions for summary judgment were properly denied.

Lahtinen, J.P., McCarthy, Devine and Clark, JJ., concur.

ORDERED that the orders are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court