Wells Fargo Bank, N.A. v Leonardo (2018 NY Slip Op 08531)





Wells Fargo Bank, N.A. v Leonardo


2018 NY Slip Op 08531


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-03139
2016-06287
 (Index No. 14266/13)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Joseph P. Leonardo, et al., appellants, et al., defendants.


Zara Watkins, New York, NY, for appellants.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Cameron E. Grant of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph P. Leonardo and Audrey M. Leonardo appeal from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 30, 2015, and March 18, 2016, respectively. The order entered November 30, 2015, insofar as appealed from, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and denied that branch of the cross motion of the defendants Joseph P. Leonardo and Audrey M. Leonardo which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The order entered March 18, 2016, insofar as appealed from, denied that branch of the subsequent motion of those defendants which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that orders are affirmed insofar as appealed from, with one bill of costs.
The background facts as to this action and a related mortgage foreclosure action are set forth in this Court's decision and order on a companion appeal (see Wells Fargo Bank, N.A. v Leonardo, __AD3d __[Appellate Division Docket No. 2015-06284; decided herewith]).
In June 2015, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. In August 2015, the defendants Joseph P. Leonardo (hereinafter the defendant) and Audrey M. Leonardo (hereinafter Audrey Leonardo; hereinafter together the defendants) cross-moved (hereinafter the August 2015 cross motion), among other things, in effect, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to seek leave of court before commencing the action in violation of RPAPL 1301(3). In October 2015, the defendants moved (hereinafter the October 2015 motion), inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against them based on the pendency of a prior foreclosure action against them (hereinafter the prior action) in violation of RPAPL 1301(3). By order entered November 30, 2015, the Supreme Court granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, and denied the August 2015 cross motion. By order entered March 18, 2016, the court denied the October 2015 motion. The defendants appeal.
"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Vinar v Litman, 110 AD3d 867, 868). The Supreme Court had already denied the defendant's prior cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him, made in opposition to the plaintiff's prior motion, inter alia, for summary judgment and an order of reference. The defendant provided no newly discovered evidence or other sufficient cause for the successive motions (see MLCFC 2007-9 ACR Master SPE, LLC v Camp Waubeeka, LLC, 123 AD3d 1269, 1271-1272). Moreover, since Audrey Leonardo defaulted in appearing or answering the complaint, she was precluded from raising the plaintiff's alleged failure to comply with RPAPL 1301(3) as a defense (see PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813).
In light of our determination, the parties' remaining contentions need not be reached.
Accordingly, we agree with the Supreme Court's determination denying the August 2015 cross motion and the October 2015 motion.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court