Leahy v Barchi Realty Group, LLC (2021 NY Slip Op 50235(U))

[*1]

Leahy v Barchi Realty Group, LLC

2021 NY Slip Op 50235(U) [71 Misc 3d 128(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2020-197 N C

Kenneth Leahy, Appellant,
against
Barchi Realty Group, LLC, Also Known as Barchi Realty Group,
LLC, Respondent. 

Kenneth Leahy, appellant pro se.
Jacobson & Schwartz, LLP (Henry J. Cernitz of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, Third District (William
Hohauser, J.), entered February 14, 2020. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against defendant, his landlord, to recover for
damage caused by a limb of a tree on defendant's property, which limb fell onto plaintiff's parked
vehicle. At a nonjury trial, plaintiff offered photographs taken shortly after the incident to support
his position that the limb had fallen from a tree which had been in a distressed or diseased
condition prior to that time. Defendant's owner testified that he had never seen decay on the tree
in question, never noticed anything that would lead him to believe that there was a problem with
that tree, and was never told that there was a problem with the trees on his property. Following
the trial, the District Court dismissed the action. 
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). 
To establish defendant's liability for the damage, plaintiff bore the burden of demonstrating
that a defective condition existed and that defendant had affirmatively created the condition, or
had actual or constructive notice of its existence (see Skalafuris v Arpadi, 43 Misc 3d
128[A], 2014 NY Slip Op 50484[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
Plaintiff does not allege that defendant had created the condition, and there was no evidence
[*2]presented at trial that plaintiff had given written notice about
the condition of the tree at issue or even any of the other trees on the premises. "Constructive
notice that a tree or limb is dangerous may be based upon signs of decay or other defects that are
readily observable by someone on the ground or that a reasonable inspection would have
revealed" (Babcock v County of
Albany, 85 AD3d 1425, 1426 [2011]; see Ivancic v Olmstead, 66 NY2d 349,
351 [1985]). "There is no duty to consistently and constantly check for non-visible decay" (Russo v Jay, 66 Misc 3d 141[A],
2020 NY Slip Op 50157[U],*2 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]). There
was no expert testimony offered at trial to establish why the limb had fallen. The testimony
which was offered and plaintiff's photographs were insufficient to show that an observable
defective condition had existed prior the incident. 
In view of the foregoing, we are of the opinion that the District Court's determination
rendered substantial justice between the parties (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
GARGUILO, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021