Weaver v Metsker (2024 NY Slip Op 05380)

Weaver v Metsker

2024 NY Slip Op 05380

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

CV-23-1078
[*1]Patricia Weaver et al., Respondents,
v
Robert Allen Metsker, Defendant and Third-Party Plaintiff-Appellant; Albany County Land Bank Corporation et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.

Calendar Date:September 5, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Pemberton and Briggs, Schenectady (Paul Briggs of counsel), for defendant and third-party plaintiff-appellant.
Rivkin Radler LLP, Poughkeepsie (Benjamin J. Wisher of counsel), for Albany County Land Bank Corporation, third-party defendant-appellant.
Marisa Franchini, Corporation Counsel, Albany (Robert Magee of counsel), for City of Albany, third-party defendant-appellant.
Harding Mazzotti, LLP, Albany (Peter P. Balouskas of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered May 25, 2023 in Albany County, which, among other things, denied motions by defendant and third-party defendants Albany County Land Bank Corporation and City of Albany for summary judgment dismissing the complaint.
In 1960, defendant's father planted a willow tree in the backyard of his home in the City of Albany, where defendant now resides. Over the next few decades, it grew into a "massive" tree that was taller than the house and had a trunk that was six feet in diameter. The trunk of the tree was fenced onto defendant's property, however, as relevant here, one large limb extended over a fence into the adjacent yard where third-party defendants Michelle Weaver and Peter Weaver (hereinafter collectively referred to as the neighbors) live. In September 2020, that limb fell into the neighbors' yard and struck plaintiff Patricia Weaver (hereinafter Weaver), causing her to suffer significant injuries. In June 2021, Weaver and her spouse, derivatively, brought a negligence claim against defendant, alleging that his failure to maintain the tree in a safe condition resulted in Weaver's injuries. In response, defendant filed an answer asserting that he had no notice of the tree's dangerous condition. Subsequently, defendant discovered that the trunk of the tree extended onto properties owned by third-party defendant City of Albany and third-party defendant Albany County Land Bank Corporation (hereinafter the Land Bank). As a result, defendant asserted causes of action for contribution and indemnification against the City and the Land Bank, as well as the neighbors. The City and the Land Bank each filed answers asserting counterclaims against defendant and cross-claims against each other. The neighbors filed an answer and asserted a counterclaim against defendant, as well as cross-claims against the City and the Land Bank.
Defendant thereafter moved for summary judgment dismissing plaintiffs' complaint, alleging that neither he nor anyone else had observed any defective or dangerous condition relative to the tree and that, as a result, he had no notice of the decay. The City and the Land Bank each cross-moved for summary judgment, also alleging that they had no notice of the tree's condition, and the neighbors cross-moved for summary judgment on the basis that they had no ownership interest in the tree. Plaintiffs opposed defendant's summary judgment motion, arguing that defendant's notice of the tree's decaying condition was a triable issue of fact. Supreme Court subsequently found, in relevant part, that there was a triable issue of fact as to whether defendant had actual notice of the tree's condition, and that there was a question of fact as to whether the City and the Land Bank had constructive notice of the tree's condition.[FN1] Defendant, the City and the Land Bank now appeal.
When an injury is caused by a falling tree, the incumbent duty of the owner of the property where the [*2]tree is located may only be "considered breached if [the property owner] had actual or constructive notice of a dangerous or defective condition pertaining to the tree and failed to correct that condition" (Sleezer v Zap, 90 AD3d 1121, 1121 [3d Dept 2011]; see Babcock v County of Albany, 85 AD3d 1425, 1426 [3d Dept 2011]). As to defendant's motion, we agree with Supreme Court's determination that he failed to satisfy his prima facie burden to demonstrate that he had no actual notice of a defect in the specific branch in question, albeit for different reasons than those articulated by the court. Specifically, the court noted that defendant had procured a tree service company to perform maintenance on the tree after noticing some broken limbs. The invoice provided to him after the service was completed indicated that the tree maintenance company had trimmed the tree in order to "remove dead, diseased and broken limbs" larger than two inches in diameter and to "[p]rune select limbs to improve resistance from storm damage." Defendant testified that the company did not inform him that the tree had any remaining issues after the service was completed and the invoice does not otherwise suggest that further maintenance was necessary. Although Supreme Court relied on this invoice in determining that defendant had actual notice of an issue with the tree, neither the invoice nor defendant's representations reflect that the service constituted anything other than regular tree maintenance or, more importantly, that there was an ongoing issue with the tree or branch in question (see Sleezer v Zap, 90 AD3d at 1122).[FN2] Nevertheless, defendant's own deposition reveals that he was aware of a prior attempt to cut the tree down that had left the tree "mutilated" and, although the tree eventually survived, his observation was that "[i]t grew back beautiful but weak." Specifically, defendant noted that the limb that grew back was the same limb that fell in the neighbors' yard. Accordingly, while defendant offered proof that there were no outwardly observable concerns with the tree and branch in question, his concession to harboring a belief that the branch had been weakened establishes a triable issue of fact as to his notice of a dangerous condition posed by the limb and, accordingly, his motion was properly denied (see Newman v City of Glens Falls, 256 AD2d 1012, 1013-1014 [3d Dept 1998]; see also Michaels v Park Shore Realty Corp., 55 AD3d 802, 803 [2d Dept 2008]).
However, as it concerns the City's and the Land Bank's motions on defendant's contribution claims, we find that dismissal is warranted. "To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care . . . or that a duty was owed to the plaintiff[s] as [the] injured part[ies] and that a breach of that duty contributed to the alleged injuries" (O'Toole v Marist Coll., 206 AD3d 1106, 1111-1112 [3d Dept 2022[*3]] [internal quotation marks and citations omitted]). Accepting for purposes of the respective motions that the City and the Land Bank are part owners of the tree, we note, and the parties do not otherwise suggest, that neither had actual notice of any potential danger posed by the tree, thus requiring that the contribution claim against both entities be established on a theory of constructive notice. To that end, "the concept of constructive notice with respect to liability for falling trees is that there is no duty to consistently and constantly check all trees for nonvisible decay. Rather, the manifestation of said decay must be readily observable in order to require a landowner to take reasonable steps to prevent harm" (Ivancic v Olmstead, 66 NY2d 349, 351 [1985], cert denied 476 US 1117 [1986]).
Notably, no individual involved in this matter — including plaintiffs, defendant nor the neighbors — testified to having previously observed any rot or decay on the tree or the specific limb in question prior to the incident. Further, as we have already noted, the prior maintenance of the tree undertaken by defendant does not indicate that there was readily observable evidence of rot on the tree thereafter, and certainly none on the limb in question. To this end, the record proof relative to any observations by the parties does not establish that the City or the Land Bank should have been aware of any dangerous conditions on the tree.
As to the affidavit of plaintiffs' expert, we find the conclusions contained therein are insufficient to raise a triable issue of fact, as the expert's assertions concerning any observable conditions on the tree are wholly speculative and unsupported (see Sasso v Village of Bronxville, 208 AD3d 910, 912 [2d Dept 2022]).[FN3] Specifically, the expert's conclusion that a reasonable inspection of the tree would have revealed evidence of rot and decay is predicated on conditions that are devoid of record support. For example, although the expert suggests that several limbs had fallen from the tree in the years preceding the accident, there is no historical evidence of such failures in the record and the claim that such information could be gleaned from the manner in which the limbs had grown on the tree is unexplained and, thus, entirely conclusory (see generally Schwenzfeier v St. Peter's Health Partners, 213 AD3d 1077, 1081 [3d Dept 2023]; compare Babcock v City of Albany, 85 AD3d at 1427; Newman v City of Glens Falls, 256 AD2d at 1013). Similarly, the ensuing assertion that the tree "would have" displayed various signs of decay after the 2018 tree maintenance is wholly speculative and contrary to all of the testimony and evidence in the record (see Leach v Town of Yorktown, 251 AD2d 630, 631 [2d Dept 1998], lv denied 92 NY2d 814 [1998]; compare Babcock v County of Albany, 85 AD3d at 1427).[FN4] Moreover, the expert's assertion that once a willow tree exhibits evidence of decay there is no possibility to cure the condition is knowledge [*4]within the purview of an expert rather than a reasonable property owner (see Ivancic v Olmstead, 66 NY2d at 351; Sleezer v Zap, 90 AD3d at 1122). Accordingly, the expert affidavit failed to raise a triable issue of fact relative to whether the City and the Land Bank had constructive notice of any issue with the tree and, therefore, the contribution claims against them must be dismissed.
Clark, J.P., Aarons, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions of third-party defendants City of Albany and Albany County Land Bank Corporation for summary judgment dismissing defendant's third-party claims and all cross-claims and counterclaims against such third-party defendants; such motions are granted; and, as so modified, affirmed.

Footnotes

Footnote 1: Supreme Court did, however, grant the neighbors' motion for summary judgment finding that they had no duty of care regarding maintenance of the tree. The parties to this appeal do not raise any issue with that determination.

Footnote 2: Supreme Court's finding that defendant intended on cutting the tree down prior to the accident is unsupported. Rather, the record suggests that it was defendant's mother who desired to do so for reasons that do not reflect any knowledge of rot or decay.

Footnote 3: Although plaintiffs oppose the City's and the Land Bank's contentions on appeal, plaintiffs did not submit any opposition to their summary judgment motions seeking to dismiss the third-party complaint against them.

Footnote 4: We note that, although the expert asserted that he had taken photographs of the tree, none are included in support of his affidavit (compare Keating v Town of Burke, 105 AD3d 1127, 1128 [3d Dept 2013]).