*350 OPINION OF THE COURT
Jasen, J.
At issue on this appeal is whether plaintiff, who seeks to recover for injuries sustained when an overhanging limb from a neighbor’s maple tree fell and struck him, established a prima facie case of negligence and whether Trial Term erred, as a matter of law, in refusing to submit to the jury the cause of action sounding in common-law trespass.
Plaintiff was working on his truck in the driveway of his parents’ home located in the Village of Fultonville, New York. Since 1970, defendant has owned and lived on the property adjoining to the west. A large maple tree stood on defendant’s land near the border with plaintiff’s parents’ property. Branches from the tree had extended over the adjoining property. During a heavy windstorm on September 26, 1980, an overhanging limb from the tree fell and struck plaintiff, causing him serious injuries. As a result, plaintiff commenced this action, interposing causes of action in negligence and common-law trespass.
At trial, the court declined to charge the jury on the common-law trespass cause of action or on the doctrine of res ipso loquitur, submitting the case solely on the theory of negligence. The jury rendered a verdict in favor of the plaintiff in the sum of $3,500. Both parties moved to set aside the verdict, the plaintiff upon the ground of inadequacy, and the defendant upon the ground that the verdict was against the weight of the evidence. The court ultimately found the verdict to be one of compromise and ordered a new trial on the issues of both liability and damages.
Upon cross appeals, the Appellate Division reversed, on the law, and dismissed the complaint. The court reasoned that no competent evidence was presented upon which it could properly be concluded that defendant had constructive notice of the alleged defective condition of the tree. The Appellate Division did not address the correctness of the trial court’s ruling in declining to charge the jury on the common-law trespass cause of action. For the reasons that follow, the order of the Appellate Division should be affirmed.
Considering first the negligence cause of action, it is established that no liability attaches to a landowner whose tree falls outside of his premises and injures another unless there *351 exists actual or constructive knowledge of the defective condition of the tree. (Harris v Village of East Hills, 41 NY2d 446, 449; Restatement [Second] of Torts § 363; Prosser and Keeton, Torts, at 390 [5th ed].)
Inasmuch as plaintiff makes no claim that defendant had actual knowledge of the defective nature of the tree, it is necessary to consider whether there was sufficient competent evidence for a jury to conclude that defendant had constructive notice. We conclude, as did the Appellate Division, that plaintiff offered no competent evidence from which it could be properly found that defendant had constructive notice of the alleged defective condition of the tree. Not one of the witnesses who had observed the tree prior to the fall of the limb testified as to observing so much as a withering or dead leaf, barren branch, discoloration, or any of the other indicia of disease which would alert an observer to the possibility that the tree or one of its branches was decayed or defective.
At least as to adjoining landowners, the concept of constructive notice with respect to liability for falling trees is that there is no duty to consistently and constantly check all trees for nonvisible decay. Rather, the manifestation of said decay must be readily observable in order to require a landowner to take reasonable steps to prevent harm. (See, Berkshire Mut. Fire Ins. Co. v State of New York, 9 AD2d 555.) The testimony of plaintiff’s expert provides no evidence from which the jury could conclude that defendant should reasonably have realized that a potentially dangerous condition existed. Plaintiff’s expert never saw the tree until the morning of the trial when all that remained of the tree was an eight-foot stump. He surmised from this observation and from some photographs of the tree that water invaded the tree through a "limb hole” in the tree, thus causing decay and a crack occurring below. However, the expert did indicate that the limb hole was about eight-feet high and located in the crotch of the tree which would have made it difficult, if not impossible, to see upon reasonable inspection. Although there may have been evidence that would have alerted an expert, upon close observation, that the tree was diseased, there is no evidence that would put a reasonable landowner on notice of any defective condition of the tree. Thus, the fact that defendant landowner testified that she did not inspect the tree for over 10 years is irrelevant. On the evidence presented, even if she were to have inspected the tree, there were no indicia of decay or disease to put her on notice of a defective condition so as to *352 trigger her duty as a landowner to take reasonable steps to prevent the potential harm.
Since the evidence adduced at trial failed to set forth any reasonable basis upon which notice of the tree’s defective condition could be imputed to defendant, and recognizing that the cases relied upon by plaintiff are readily distinguishable, * we agree with the view of the Appellate Division that plaintiff failed to establish a prima facie case of negligence.
Turning to plaintiff’s claim of error by the trial court in declining to submit to the jury the cause of action sounding in common-law trespass, we conclude there was no error. The scope of the common-law tort has been delineated in Phillips v Sun Oil Co. (307 NY 328, 331), wherein this court held: "while the trespasser, to be liable, need not intend or expect the damaging consequences of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness.” In this case, there is evidence that defendant did not plant the tree, and the mere fact that defendant allowed what appeared to be a healthy tree to grow naturally and cross over into plaintiff’s parents’ property airspace, cannot be viewed as an intentional act so as to constitute trespass. (See, Turner v Coppola, 102 Misc 2d 1043 [overhanging tree branches are not an intentional invasion of adjoining property and are therefore not a trespass on *353 the adjoining property].) Language in Countryman v Lighthill (24 Hun 405) is not contrary to this holding. There, the court stated (at p 407) that no liability could be imposed absent "real, sensible damage” resulting from the overhanging branches. However, in Countryman, the theory of recovery was nuisance rather than trespass and the damage the court was referring to appears to be damage to land rather than damage to person. (See, McKenna v Allied Chem. & Dye Corp., 8 AD2d 463, 467.)
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.

 Plaintiff principally relies on three cases which he claims support the jury’s finding of negligence: Harris v Village of East Hills (41 NY2d 446), Rinaldi v State of New York (49 AD2d 361) and Edgett v State of New York (7 AD2d 570). However, each of these cases is factually distinguishable from this case. In Harris, the Village of East Hills was found liable when a defective tree fell on a passing motorist. The tree in that case was "patently defective” and contained a "cavity which was observable on ordinary inspection” (at p 449). It is interesting to note that in Harris, the county, whose duty it was to inspect the trees from the highway, was not found liable because the exterior sign of decay was on the backside of the tree which faced away from the road. In Rinaldi v State of New York (supra), inspection would have revealed a hole one-foot deep and one foot in diameter in the tree. The State highway authorities were also on notice that trees of the same age and species as the fallen tree had been found diseased , two years earlier. Recognizing that each case should turn on its particular facts, the State was found liable in that it failed to make an observation that would have alerted the State to the "readily observable” condition of the tree. (Id., at p 364.) Finally, in Edgett v State of New York (supra), the State had actual notice of the defective nature of the tree. Witnesses testified that the tree decay was readily visible.