**Richard P. MEYERS and Judith K. Meyers, Appellants,**

v.

**Michael R. DELANEY and Robin Lynne Delaney, Appellees.**

No. 93–1488.

Supreme Court of Iowa.

March 29, 1995.

other six foundational requirements of *State v. Hobbs,* 172 N.W.2d 268, 272 (Iowa 1969).

Kermit L. Dunahoo of Dunahoo Law Firm, Des Moines, for appellants.

Ann M. Cisco of White & Johnson, P.C., Cedar Rapids, for appellees.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

NEUMAN, Justice.

This negligence action, tried to the court, concerns landowner liability for tree mainte-nance in a residential neighborhood. Plain-tiffs, injured by a falling tree limb, claim the district court applied an incorrect legal stan-dard and disregarded the evidence in reach-ing a verdict for the defendants. Finding no error, we affirm.

The home of plaintiffs Richard and Judith Meyers adjoins property owned by defen-dants Mike and Robin Delaney. Standing between the homes, on Delaneys' property, is a large catalpa tree. The tree's limbs hang over the Meyers' driveway. The Meyers park their car under it each day.

One evening in mid-July 1990, Richard ran barefoot out to his car to roll up the windows. He heard a loud crack and then a large limb fell from the catalpa tree, striking and se-verely lacerating his foot. He was hospital-ized for his injury and has incurred consider-able pain and expense incident to his recov-ery.

The Meyers sued the Delaneys for negli-gence in one or more of the following particu-lars: (1) failure to properly maintain the tree; (2) failure to warn the Meyers of the dangerous condition of the tree; and (3) fail-ure to protect the Meyers from a danger which, in the exercise of reasonable care, the Delaneys knew or should have known to exist. The Delaneys answered with a gener-al denial and, in the alternative, alleged that Richard's injury (and Judith's consortium claim) resulted from Richard's own negli-gence or an act of God.

The case was tried to the court. Upon conclusion, the court ruled that the record did not support an act-of-God defense, nor had the Meyers sustained their burden of proving the Delaneys were negligent. This appeal followed.[1] Further facts will be de-tailed as they pertain to the arguments pre-sented.

■ I. Our decision is largely con-trolled by the applicable standard of review. Because the case was tried to the court at law, our review is limited to the correction of legal error. Iowa R.App.P. 4. The trial court's factual findings carry the force of a special verdict and are binding on us if sup-

1. Only the court's ruling with respect to negli-gence has been challenged on appeal.

ported by substantial evidence. *Blunt, Ellis & Loewi, Inc. v. Igram,* 319 N.W.2d 189, 192 (Iowa 1982). Evidence is substantial if a reasonable mind would accept it as adequate to reach the same findings. *Grinnell Mut. Reins. Co. v. Voeltz,* 431 N.W.2d 783, 785 (Iowa 1988).

II. The Meyers claim on appeal that the district court too narrowly construed the Delaneys' duty to inspect their catalpa tree and warn the Meyers of the risk of harm it presented. They contend the Delaneys were obliged to regularly inspect for nonvisible decay, and the court erred in ruling otherwise. We disagree.

■ It is the general rule that one who maintains trees owes a duty to avoid injuring persons on adjoining premises by permitting a tree to become so defective and decayed it will fall on them. 62 Am.Jur.2d *Premises Liability* § 689, at 260–61 (1990); *see Israel v. Carolina Bar–B–Que, Inc.,* 292 S.C. 282, 356 S.E.2d 123, 127 (S.C.App.1987); *Mahurin v. Lockhart,* 71 Ill.App.3d 691, 692–93, 390 N.E.2d 523, 524–25 (1979). This, in essence, is the standard applied by the district court here. The Meyers' quarrel is with the corollary rule, applied by the district court, that proof of a tree owner's actual or constructive knowledge of a defect or safety hazard is a condition precedent to liability. *See generally* 62 Am.Jur.2d *Premises Liability* § 690, at 261–62 (1990).

We have not previously had occasion to address the scope of a private landowner's duty to maintain trees in a residential area. Nearly fifty years ago, however, we predicated a municipality's analogous duty on actual or constructive knowledge of a tree's dangerous condition. *Pietz v. City of Oskaloosa,* 250 Iowa 374, 377, 92 N.W.2d 577, 579 (1958). In *Pietz* we adopted the rule that "failure to remove a decayed tree does not constitute negligence in the absence of a showing that the decay was visible or known to the proper party." *Id.* Our decision rested on the idea that the city was expected to maintain its streets in a condition of reasonable—not absolute—safety for travelers. *Id.* We observed that a city could not be expected "to foresee and provide against every possible accident." *Id. See also* Restatement (Sec-

ond) of Torts § 363(2) (1965) (requiring urban landowner to exercise reasonable care to prevent unreasonable risk of harm due to trees on land near highway).

In a case factually similar to the one before us, the New York Court of Appeals rejected the duty of inspection advanced here by the Meyers. *Ivancic v. Olmstead,* 66 N.Y.2d 349, 497 N.Y.S.2d 326, 488 N.E.2d 72 (1985). The court said:

> [T]here is no duty to consistently and constantly check all trees for nonvisible decay. Rather, the manifestation of said decay must be readily observable in order to require a landowner to take reasonable steps to prevent harm.

*Id.* at 351, 497 N.Y.S.2d at 327, 488 N.E.2d at 73–74.

■ We think the New York court's ruling is sound and in accordance with our decision in *Pietz.* The record before us reveals that the limb causing Richard's injury was green and leafy; the decay at its base, sixteen-feet above the ground, was not apparent from external observation. Contrary to the argument advanced by the Meyers, we think it would be onerous indeed to burden a landowner with the duty to inspect trees for nonvisible decay. Thus we hold fast to the general rule imposing on a landowner the duty to use reasonable care to prevent unreasonable risk of harm to adjoining premises from diseased or otherwise unsafe trees. But, like the court in *Ivancic,* we limit liability to those situations in which it is established that the tree's owner had actual or constructive notice of the tree's defective condition. The district court was correct in so ruling.

■ III. The record before us contains substantial evidence to support the district court's judgment for Delaneys based on the applicable legal standard. A reasonable fact finder could easily conclude that these defendants were without actual or constructive notice that their catalpa tree posed a hazard to the Meyers or anyone else in July 1990.

A year before the accident the Delaneys had hired a friend to remove a dead limb from the tree. The friend, who was not a

professional tree trimmer, testified that he observed nothing while in the tree to cause him concern about his safety. The Meyers urged at trial, and now argue on appeal, that the testimony is entitled to little or no weight due to the friend's limited credentials. But the record reveals, and the district court found, that the friend had trimmed or cut down approximately fifty trees in recent years in exchange for the firewood they provided to heat his home. Thus his opinion on the condition of the tree was entitled to whatever weight the fact finder determined. *See Kaiser v. Stathas,* 263 N.W.2d 522, 526 (Iowa 1978).

The expert tree trimmer hired by the Meyers, moreover, reached essentially the same conclusion. Before trial he tendered the opinion, based on his observation of the fallen limb and tree from the ground, that the tree was unsafe. At trial, however, he testified that there was nothing about the tree that would have alerted the Delaneys to concern over its safety. He noted some rotting and a hollow spot but stated that, overall, the tree was healthy and, in his opinion, he would not have taken it down before the accident.

The record reveals that neither the Meyers nor the Delaneys harbored any concern about the safety of the tree prior to the limb striking Richard. Robin Delaney permitted her children to play around it when outside, and the Meyers parked their car under it daily. Although the tree reportedly dropped twigs with some frequency, no limb of any size had fallen from the tree prior to the accident.

Clearly the record supports the district court's conclusion that the Delaneys had neither actual nor constructive knowledge that the tree was diseased or posed a hazard to the Meyers. Accordingly, we believe the court correctly dismissed the Meyers' claims of negligence. The district court's judgment for the defendants must be affirmed.

**AFFIRMED.**