■ ANTONIO GOLAN, Appellant, v LUIGI ASTUTO et al., Respondents. [662 NYS2d 576] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Mastro, J.), dated June 11, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff sustained injuries to his face when he attempted to saw a branch of a tree that had fallen onto his property from the defendants' adjoining property. Where, as here, there is no evidence that the tree was defective or that the defendants had actual or constructive notice of any defective condition in the tree before it fell, the defendants did not have a duty to take reasonable steps to prevent any potential harm that may have occurred to the plaintiff on his property as a result of the tree falling on his property (*see, Ivancic v Olmstead,* 66 NY2d 349, 350-351, *cert denied* 476 US 1117; *Harris v Village of E. Hills,* 41 NY2d 446, 449). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.

■ EVERDINE GORDON, Respondent, v JOSEPH GUARRERA et al., Appellants. [664 NYS2d 934] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated June 26, 1996, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not suffer serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants met their initial burden of establishing that the plaintiff did not suffer serious injury within the meaning of Insurance Law § 5102 (d), and it was incumbent upon the plaintiff to come forward with admissible evidence to create an issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). Upon our review of the record, we find that the plaintiff failed to do so (*see, Barrett v Howland,* 202 AD2d 383; *Marshall v Albano,* 182 AD2d 614; *Beckett v Conte,* 176 AD2d 774). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.