■ JOSEPH LILLIS, Appellant, v ROBERT E. WESSOLOCK et al., Respondents. [856 NYS2d 487]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated January 11, 2007, which granted the defendants' motion for summary judgment dismissing the complaint and denied as academic his cross motion for the imposition of sanctions based upon spoliation of evidence.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff allegedly sustained injuries when a limb of a tree on the defendants' property broke off and fell on top of the vehicle he was operating. In cases involving fallen trees, a property owner will be held liable only if he or she knew or should have known of the dangerous condition of the tree (*see Ivancic v Olmstead,* 66 NY2d 349, 351 [1985], *cert denied* 476 US 1117 [1986]; *Harris v Village of E. Hills,* 41 NY2d 446, 450 [1977]; *Asnip v State of New York,* 300 AD2d 328 [2002]; *Lahowin v Ganley,* 265 AD2d 530 [1999]; *Golan v Astuto,* 242 AD2d 669 [1997]). Constructive notice in such a case can be imputed if the record establishes that a reasonable inspection would have revealed the dangerous condition of the tree (*see Harris v Village of E. Hills,* 41 NY2d at 449).

In response to the defendants' demonstration of their entitlement to judgment as a matter of law, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Santucci, Eng and Belen, JJ., concur.