■ JOHN MICHAELS et al., Respondents, v PARK SHORE REALTY CORP. et al., Appellants, and LORAX LANDSCAPING CORP. et al., Respondents. [865 NYS2d 686]—

In an action to recover damages for personal injuries, etc., the defendants Park Shore Realty Corp. and Park Shore Country Day Camp and Day School appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated December 20, 2007, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and granted that branch of the cross motion of the defendants Lorax Landscaping Corp. and Sterling Tree and Lawn which was for summary judgment dismissing their cross claims.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Justin Michaels, an infant, was struck and killed by a large branch that broke off a tree while he was attending a day camp operated by the defendant Park Shore Country Day Camp and Day School (hereinafter Day Camp) on property owned by the defendant Park Shore Realty Corp. (hereinafter PSRC). The defendants Lorax Landscaping Corp. and Sterling Tree and Lawn (hereinafter together Sterling) had a contract with Day Camp to provide certain limited tree care services which did not include tree trimming or pruning. Justin's father, individually, and as executor of Justin's estate and guardian of Justin's two infant siblings, who were also present at the scene, commenced this action to recover damages for personal injuries. Day Camp and PSRC moved for summary judgment dismissing the complaint insofar as asserted against them. Sterling cross-moved, inter alia, for summary judgment dismissing the cross claims of Day Camp and PSRC. The Supreme Court, among other things, denied the motion of Day Camp and PSRC, and granted that branch of the cross motion of Sterling which was to dismiss the cross claims. We affirm.

In cases involving falling trees or branches, liability may be imposed if there is actual or constructive notice of the alleged dangerous or defective condition of the tree (*see Ivancic v Olmstead*, 66 NY2d 349 [1985], *cert denied* 476 US 1117 [1986]; *Lillis v Wessolock*, 50 AD3d 969 [2008]). Constructive notice may be imputed if the record establishes that a reasonable inspection would have revealed the alleged dangerous or defective condition of the tree (*see Harris v Village of E. Hills*, 41 NY2d 446 [1977]; *Lillis v Wessolock*, 50 AD3d 969 [2008]). Here,

in support of their motion, Day Camp and PSRC made a prima
facie demonstration of entitlement to judgment as matter of law
dismissing the complaint insofar as asserted against them with
evidence that they lacked actual or constructive notice of the al-
legedly dangerous and defective condition of the tree. However,
in opposition, the plaintiffs raised a triable issue of fact as to
both actual and constructive notice. Thus, summary judgment
was properly denied to Day Camp and PSRC.

In support of its cross motion, Sterling established, prima
facie, its entitlement to judgment as matter of law dismissing
the cross claims of Day Camp and PSRC (*see Stiver v Good &
Fair Carting & Moving, Inc.*, 9 NY3d 253 [2007]; *Church v Cal-
lanan Indus.*, 99 NY2d 104 [2002]; *Espinal v Melville Snow
Contrs.*, 98 NY2d 136, 140 [2002]). In opposition, Day Camp and
PSRC failed to raise a triable issue of fact.

The remaining contentions of Day Camp and PSRC are
without merit. Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.