■ Jose F. Pulgarin, Appellant, et al., Plaintiff, v Joel Demonteverde et al., Respondents. [880 NYS2d 571]—

In an action to recover damages for personal injuries, etc., the plaintiff Jose F. Pulgarin appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated December 7, 2007, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Jose F. Pulgarin was injured when a tree on the defendants' property fell onto the car that he was operating. In cases involving fallen trees, a property owner will be held liable only if he or she knew or should have known of the dangerous

condition of the tree (*see Ivancic v Olmstead,* 66 NY2d 349, 351 [1985], *cert denied* 476 US 1117 [1986]; *Harris v Village of E. Hills,* 41 NY2d 446, 450 [1977]; *Lillis v Wessolock,* 50 AD3d 969 [2008]; *Lahowin v Ganley,* 265 AD2d 530 [1999]; *Golan v Astuto,* 242 AD2d 669 [1997]). The defendants established, prima facie, their entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that they could not be charged with either actual or constructive notice of the alleged defective condition of the tree (*see Ivancic v Olmstead,* 66 NY2d at 351; *Lahowin v Ganley,* 265 AD2d 530 [1999]; *Asnip v State of New York,* 300 AD2d 328 [2002]; *Golan v Astuto,* 242 AD2d 669 [1997]). In opposition, Pulgarin failed to submit evidence sufficient to raise a triable issue of fact as to whether there were readily-observable manifestations of decay (*see Ivancic v Olmstead,* 66 NY2d at 351; *Lahowin v Ganley,* 265 AD2d 530 [1999]; *cf. Crawford v Forest Hills Gardens,* 34 AD3d 415 [2006]). Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.