■ MARY E. KEATING, Appellant, v TOWN OF BURKE et al., Respondents. [927 NYS2d 411]—

Mercure, J.P.

In July 2005, plaintiff attended an event sponsored by defendant Burke Volunteer Fire Department, Inc. (hereinafter BVFD) and held at a park owned by defendant Town of Burke. As she was placing her chair to watch an outdoor auction, plaintiff was struck and injured by a dead branch that had broken off from an overhanging tree. She filed a notice of claim and subsequently commenced this action against defendants alleging, among other things, that they had negligently inspected and maintained the tree in question. Following joinder of issue, defendants separately moved for summary judgment. Supreme Court granted the motions, and plaintiff now appeals.

In order to succeed on a negligence claim, a plaintiff must ultimately "demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately

resulting therefrom" (*Solomon v City of New York*, 66 NY2d 1026, 1027 [1985]). Initially, we note that it is undisputed that the Town owned the park. Inasmuch as there is no evidence showing that BVFD had "a contractual obligation to keep the land free from dangerous conditions," the duties of a landowner cannot be imposed upon it (*Rosen v Long Is. Greenbelt Trail Conference, Inc.*, 19 AD3d 400, 401 [2005], *lv denied* 6 NY3d 703 [2006]; *see Nielsen v Town of Amherst*, 193 AD2d 1073, 1074 [1993]; *cf. Katz v Queens Theater in the Park*, 27 AD3d 623, 623-624 [2006]). Plaintiff contends, however, that BVFD owed a duty to her given its allegedly negligent misrepresentation of the site's safety to the auctioneer.

Assuming that BVFD owed any such duty, it would be breached only if BVFD failed to use reasonable care in conveying information upon which plaintiff detrimentally relied, such as where "one familiar with a hazard offers direct assurances of safety to one who is unfamiliar with the hazard and who foreseeably relies upon those assurances" (*Heard v City of New York*, 82 NY2d 66, 74 [1993]; *see International Prods. Co. v Erie R.R. Co.*, 244 NY 331, 337-338 [1927], *cert denied* 275 US 527 [1927]). There is no indication that BVFD's representative made any such assurances; rather, he merely advised the auctioneer as to where the auction should be held. Furthermore, there is no evidence that the representative inspected the tree or otherwise possessed exclusive knowledge of its condition. Indeed, plaintiff does not claim that she even knew of the representative's direction at the time she placed her chair and, under these circumstances, she is unable to establish detrimental reliance (*see Heard v City of New York*, 82 NY2d at 74-75; *Ward v Edinburg Mar.*, 293 AD2d 887, 889 [2002]; *see also Webb v Cerasoli*, 275 App Div 45, 48-49 [1949], *affd* 300 NY 603 [1949]). Accordingly, Supreme Court properly granted BVFD's motion for summary judgment.

The Town, in contrast, owned the park and was duty-bound to maintain it in a reasonably safe condition (*see Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202 [1976]; *Gagnon v City of Saratoga Springs*, 51 AD3d 1096, 1098 [2008], *lv denied* 11 NY3d 706 [2008]). As a result, the Town was "required to establish as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" in order to succeed on its summary judgment motion (*Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]; *accord Norse v Saratoga Harness Racing, Inc.*, 81 AD3d 1063, 1063-1064 [2011]). Notably, the

proof submitted by the Town on its motion was largely limited to an attorney's affirmation, the pleadings, and plaintiff's statements regarding the accident. These submissions did not demonstrate "that a reasonable inspection would [not] have revealed the alleged dangerous or defective condition of the tree" such as to establish prima facie entitlement to summary judgment, particularly in light of plaintiff's description—proffered by the Town—of how the accident occurred (*Michaels v Park Shore Realty Corp.*, 55 AD3d 802, 802 [2008]; *see Godfrey v Town of Hurley*, 68 AD3d 1527, 1527-1528 [2009]; *cf. Ivancic v Olmstead*, 66 NY2d 349, 351-352 [1985], *cert denied* 476 US 1117 [1986]). Additionally, the Town wholly failed to explain its inspection procedures regarding trees at the park and, as such, did not show in the first instance that it maintained the park in a reasonably safe condition (*see Rhabb v New York City Hous. Auth.*, 41 NY2d at 202; *Norse v Saratoga Harness Racing, Inc.*, 81 AD3d at 1064; *cf. Fowle v State of New York*, 187 AD2d 698, 699 [1992]). The Town, thus, failed to tender sufficient evidence to eliminate any material questions of fact and, accordingly, denial of its motion was required "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see Kropp v Corning, Inc.*, 69 AD3d 1211, 1213 [2010]).

Spain, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Town of Burke for summary judgment; said motion denied; and, as so modified, affirmed.