PAUL W. PRIORE, Respondent, v NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION et al., Defendants, and KOREAN CANAAN PRESBYTERIAN CHURCH OF NEW YORK, Appellant. [2 NYS3d 170]—

In an action to recover damages for personal injuries, the defendant Korean Canaan Presbyterian Church of New York appeals from an order of the Supreme Court, Queens County (Flug, J.), dated December 3, 2013, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that he was sitting in a parked vehicle, waiting for a rainstorm to subside, when a tree fell on the vehicle, causing him to sustain personal injuries. The base of the tree was located on the property of the defendant Korean Canaan Presbyterian Church of New York, (hereinafter the church). The plaintiff commenced this action against, among others, the church. The church moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not have notice that the tree was in a hazardous condition. The church also submitted certified climatological data which showed that a tornado had touched down in the area where the accident occurred at around the time of the accident, and argued that it could not be held liable for damages caused by an act of God. The Supreme Court denied the motion.

In cases involving fallen trees, a property owner will only be held liable if he knew or should have known of the defective condition of the tree (see *Ivancic v Olmstead*, 66 NY2d 349, 351 [1985]; *Harris v Village of E. Hills*, 41 NY2d 446, 450 [1977]; *Pulgarin v Demonteverde*, 63 AD3d 1026 [2009]; *Lillis v Wessolock*, 50 AD3d 969 [2008]). "Constructive notice in such a

case can be imputed if the record establishes that a reasonable inspection would have revealed the dangerous condition of the tree" (*Lillis v Wessolock*, 50 AD3d at 969; *see Harris v Village of E. Hills*, 41 NY2d at 449). "Proximate cause is a jury question" (*Nowlin v City of New York*, 81 NY2d 81, 89 [1993]; *see Moore v Gottlieb*, 46 AD3d 775 [2007]). "For a loss to be considered the result of an act of God, human activities cannot have contributed to the loss in any degree" (*Cangialosi v Hallen Constr. Corp.*, 282 AD2d 565, 566 [2001]; *see Sawicki v GameStop Corp.*, 106 AD3d 979 [2013]; *Fulgum v Town of Cortlandt*, 2 AD3d 775 [2003]).

Here, the church failed to establish, prima facie, that it conducted a reasonable inspection of the subject tree, that the tree did not manifest any indicia of decay, and that the incident was solely caused by an act of God (*see Ivancic v Olmstead*, 66 NY2d 349 [1985]; *Fulgum v Town of Cortlandt*, 2 AD3d 775 [2003]). Since the church failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, the Supreme Court properly denied the church's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.