Gerard M. Cicio, Respondent, 
against
Barry J. Pollack and BARBARA POLLACK, Appellants.



Appeal from a judgment of the District Court of Nassau County, Fourth District (Scott Siller, J.), entered March 18, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,500.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
Plaintiff and defendants are adjoining property owners. The trunk of a large tree stood on defendants' lot, but had branches which overhung plaintiff's property. On October 29, 2012, during Hurricane Sandy, the tree fell, damaging plaintiff's property. Plaintiff's insurer declined coverage for damage caused by wind or fallen tree debris. Plaintiff commenced this small claims action to recover the principal sum of $5,000, representing the unreimbursed loss he allegedly sustained as the result of that incident.
At a nonjury trial, plaintiff testified that, prior to the hurricane, he had requested that defendants prune back or remove the tree, and he introduced into evidence a letter he had written to defendants in 2006, in which he had set forth that request. Plaintiff also claimed that it would have been problematic to prune the tree from his side of the parties' property line. Defendants denied ever having received plaintiff's 2006 letter, and contended that the tree had been destroyed by an act of God, for which they could not be held liable. Following the trial, judgment was awarded to plaintiff in the principal sum of $2,500.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Plaintiff bore the burden of establishing that a defective condition existed and that defendants had affirmatively created the condition, or had actual or constructive notice of its existence, in order for defendants to be liable for plaintiff's loss (see Skalafuris v Arpadi, 43 Misc 3d 128[A], 2014 NY Slip Op 50484[U] [App Term, 9th & 10th Jud Dists 2014]). Defendants had "no duty to consistently and constantly check [the tree] for nonvisible decay. Rather, the manifestation of said decay must be readily observable in order to require a landowner to take reasonable steps to prevent harm" (Ivancic v Olmstead, 66 NY2d 349, 351 [1985]; see also Sleezer v Zap, 90 AD3d 1121 [2011]; Michaels v Park Shore Realty Corp., 55 AD3d 802 [2008]; Lillis v Wessolock, 50 AD3d 969 [2008]). Although plaintiff testified that debris often fell from the tree and that he had requested that defendant prune the tree, he failed to provide any evidence that the tree was unhealthy, or that defendants had actual or constructive notice of any defects in the tree. Thus, we conclude that plaintiff failed to make out a prima facie case (see Skalafuris v Arpadi, 43 Misc 3d 128[A], 2014 NY Slip Op 50484[U], *1-2; Rosenbaum v Mount Hebron Cemetery, 42 Misc 3d 147[A], 2014 NY Slip Op 50366[U] [App Term, 2d, 11th & 13th Jud [*2]Dists 2014]; see also Goldman v Severe, 31 Misc 3d 151[A], 2011 NY Slip Op 51124[U] [App Term, 9th & 10th Jud Dists 2011]). Consequently, the judgment in favor of plaintiff failed to render substantial justice between the parties according to the rules and principles of substantive law (UDCA 1804, 1807).
We reach no other issue.
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: March 23, 2016