Pagan v Jordan (2018 NY Slip Op 05477)





Pagan v Jordan


2018 NY Slip Op 05477


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-07425
 (Index No. 706902/14)

[*1]Joseph Pagan, respondent, 
v
Alice Saulsbury Jordan, appellant, et al., defendant.


Andrea G, Sawyers, Melville, NY (Jennifer M. Belk of counsel), for appellant.
Jacoby & Jacoby, Medford, NY (Brian M. Martin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Alice Saulsbury Jordan appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered March 7, 2017. The order granted the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint to add Lesean Saulsbury as a defendant, and denied, as academic, the motion of the defendant Alice Saulsbury Jordan for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the appeal from so much of the order as granted the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint to add Lesean Saulsbury as a defendant is dismissed, as the defendant Alice Saulsbury Jordan is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and the motion of the defendant Alice Saulsbury Jordan for summary judgment dismissing the complaint insofar as asserted against her is granted, and, upon searching the record, summary judgment is awarded to the defendant Lesean Saulsbury dismissing the complaint insofar as asserted against him; and it is further,
ORDERED that one bill of costs is awarded to the defendant Alice Saulsbury Jordan.
The plaintiff commenced this action to recover damages for personal injuries against Alice Saulsbury Jordan. The plaintiff alleged that he was injured on the Queens County premises owned and maintained by Alice when a tree located on the premises fell and struck him. Alice moved for summary judgment dismissing the complaint. The plaintiff cross-moved for leave to amend the complaint to add Lesean Saulsbury, the co-owner of the premises, as a defendant. The Supreme Court granted the plaintiff's cross motion and denied Alice's motion as academic. Alice appeals.
"In cases involving fallen trees, a property owner will only be held liable if [she or] he knew or should have known of the defective condition of the tree" (Priore v New York City Dept. of Parks & Recreation, 124 AD3d 749, 749; see Ivancic v Olmstead, 66 NY2d 349, 351; Harris v Village of E. Hills, 41 NY2d 446, 450; Pulgarin v Demonteverde, 63 AD3d 1026; Lillis v Wessolock, [*2]50 AD3d 969). "Constructive notice in such a case can be imputed if the record establishes that a reasonable inspection would have revealed the dangerous condition of the tree" (Lillis v Wessolock, 50 AD3d at 969; see Harris v Village of E. Hills, 41 NY2d at 449). Here, Alice established her prima facie entitlement to judgment as a matter of law by submitting evidence that she lacked actual or constructive notice of the alleged defective condition of the tree (see Ivancic v Olmstead, 66 NY2d at 351; Pulgarin v Demonteverde, 63 AD3d at 1027; Lahowin v Ganley, 265 AD2d 530). The plaintiff failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court should have granted Alice's motion for summary judgment dismissing the complaint insofar as asserted against her.
Moreover, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (see CPLR 3212[b]; Bryant v Loft Bookstore Café, LLC, 138 AD3d 664, 666). Here, in light of our determination with respect to Alice's motion, we search the record and award summary judgment to Lesean Saulsbury dismissing the complaint insofar as asserted against him (see Bryant v Loft Bookstore Café LLC, 138 AD3d at 666).
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court