Rosemarie Russo and Joseph Ostrowsky, Respondents,
against
Kenneth Jay, Appellant. 




Kenneth Jay, appellant pro se.
Rosemarie Russo and Joseph Ostrowsky, respondents pro se.

Appeal from a judgment of the Justice Court of the Town of Clarkstown, Rockland County (Howard Gerber, J.), entered September 13, 2018. The judgment, insofar as appealed from as limited by the brief, after a nonjury trial, awarded plaintiffs the principal sum of $568.67.




ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Justice Court for the entry of a judgment dismissing the action.
Plaintiffs commenced this small claims action against defendant, the owner of property abutting plaintiffs' property, to recover for damage that plaintiffs sustained after a limb from a tree, which was allegedly on defendant's property, fell into plaintiffs' yard in April of 2018, damaging their fence. Defendant counterclaimed to recover damages resulting from plaintiffs' workers trespassing on his property. 
At a nonjury trial, plaintiffs testified that, in 2016, debris from a tree on defendant's property had fallen into their yard and damaged their pool fence. They had sent defendant a certified letter in 2016, informing defendant that he had several dead trees on his property, which represented a hazard to plaintiffs' property, but defendant did not accept the letter. Plaintiffs offered photographs taken in 2016 to support their position that the trees in defendant's yard had been in a deteriorated condition. Defendant asserted, among other things, that, in 2016, the debris from the tree fell as a result of an "act of God," and that plaintiffs had not shown that a dangerous condition existed in 2018 or that defendant had had notice of such a condition. As limited by the brief, defendant appeals from so much of a judgment of the Justice Court as awarded plaintiffs the principal sum of $568.67.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive
law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, [*2]269 AD2d 125 [2000]).
To establish defendant's liability, plaintiffs bore the burden of demonstrating, among other things, that a defective condition existed and that defendant had affirmatively created the condition, or had actual or constructive notice of its existence (see Skalafuris v Arpadi, 43 Misc 3d 128[A], 2014 NY Slip Op 50484[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). "Constructive notice that a tree or limb is dangerous may be based upon signs of decay or other defects that are readily observable by someone on the ground or that a reasonable inspection would have revealed" (Babcock v County of Albany, 85 AD3d 1425, 1426 [2011]; see Ivancic v Olmstead, 66 NY2d 349, 351 [1985] [the manifestation of a tree's "decay must be readily observable in order to require a landowner to take reasonable steps to prevent harm"]; Michaels v Park Shore Realty Corp., 55 AD3d 802 [2008]; Lillis v Wessolock, 50 AD3d 969 [2008]). There is no duty to consistently and constantly check for non-visible decay. Although plaintiffs testified that debris had fallen from defendant's overhanging tree limbs in the past and that they had sought to advise defendant of that on one occasion two years earlier, they failed to provide any evidence that the particular tree from which the limb fell onto their property in 2018 was unhealthy or that defendant had actual or constructive notice of any defect in that tree. Thus, we conclude that plaintiffs failed to make out a prima facie case (see Skalafuris v Arpadi, 43 Misc 3d 128[A], 2014 NY Slip Op 50484[U]; Rosenbaum v Mount Hebron Cemetery, 42 Misc 3d 147[A], 2014 NY Slip Op 50366[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; see also Goldman v Severe, 31 Misc 3d 151[A], 2011 NY Slip Op 51124[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). 
In any event, even if the testimony had established that the tree limb fell from defendant's rotted tree and that it was the overhanging limb that plaintiffs had previously complained to defendant about in 2016, plaintiffs failed to avail themselves of their right to self-help by pruning the tree branches to the extent that they were overhanging plaintiffs' property (see Kuney v Christian, 42 Misc 3d 136[A], 2014 NY Slip Op 50120[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; Hileman-Rizzo v Krysty, 10 Misc 3d 135[A], 2005 NY Slip Op 52118[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; see also 1 NY Jur 2d, Adjoining Landowners § 65). In view of the foregoing, we find that the judgment in favor of plaintiffs failed to render substantial justice between the parties according to the rules and principles of substantive law (see UJCA 1804, 1807).
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the Justice Court for the entry of a judgment dismissing the action.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020