Rushton v State of New York (2020 NY Slip Op 07936)





Rushton v State of New York


2020 NY Slip Op 07936


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-05422

[*1]Sophia Rushton, etc., et al., appellants,
v
State of New York, respondent. (Claim No. 121887)


Law Office of William A. Gallina, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Ester Murdukhayeva of counsel; Retley Locke, Jr., on the brief), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimants appeal from a judgment of the Court of Claims (Stephen J. Mignano, J.), dated April 10, 2017. The judgment, upon a decision of the same court dated March 1, 2017, made after a nonjury trial, is in favor of the defendant and against the claimants dismissing the claim.
ORDERED that the judgment is affirmed, with costs.
On September 8, 2012, the claimant Christopher Rushton was walking with his daughters on a hiking trial in the Old Croton Aqueduct State Historic Park in Irvington. After a storm with strong winds arose, a tree along the trail broke and a portion of the tree fell on them, causing injuries to his 11-year-old daughter, the claimant Sophia Rushton. As relevant to this appeal, Christopher, on behalf of Sophia, and derivatively, commenced a claim against the defendant, which owned and maintained the subject park. The claim alleged negligent maintenance and inspection of the tree at issue. Issue was joined, and a bifurcated nonjury trial on the issue of liability took place. After trial, the Court of Claims, in a decision dated March 1, 2017, found, inter alia, that the claimants failed to demonstrate, prima facie, that the defendant had notice of any defective condition with respect to the subject tree. A judgment subsequently was issued in favor of the defendant and against the claimants dismissing the claim. The claimants appeal, and we affirm.
"'In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony' " (Rodriguez v State of New York, 166 AD3d 922, 923, quoting DePaula v State of New York, 82 AD3d 827, 827 [internal quotation marks omitted]; W.M. Movers, Inc. v State of New York, 177 AD3d 1021, 1021-1022).
To establish a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and that the breach was a proximate cause of the plaintiff's injury (see Pulka v Edelman, 40 NY2d 781, 782; Kipybida v Good Samaritan Hosp., 35 AD3d 544, 545). As a landowner, the State of New York must [*2]maintain its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (see Preston v State of New York, 59 NY2d 997, 998; Courtney v State of New York, 153 AD3d 780, 781). "In cases involving fallen trees, a property owner will only be held liable if [she or] he knew or should have known of the defective condition of the tree" (Priore v New York City Dept. of Parks & Recreation, 124 AD3d 749, 749; see Ivancic v Olmstead, 66 NY2d 349, 351; Harris v Village of E. Hills, 41 NY2d 446, 450; Pagan v Jordan, 163 AD3d 978, 979; Pulgarin v Demonteverde, 63 AD3d 1026; Lillis v Wessolock, 50 AD3d 969). "To provide constructive notice, 'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it'" (Ferrigno v County of Suffolk, 60 AD3d 726, 727, quoting Gordon v American Museum of Natural History, 67 NY2d 836, 837). "Constructive notice in [cases involving fallen trees] can be imputed if the record establishes that a reasonable inspection would have revealed the dangerous condition of the tree" (Lillis v Wessolock, 50 AD3d at 969; see Harris v Village of E. Hills, 41 NY2d at 449; Pagan v Jordan, 163 AD3d at 979; see also Ferrigno v County of Suffolk, 60 AD3d at 727). Indeed, "[c]onstructive notice that a tree or limb is dangerous may be based upon signs of decay or other defects that are readily observable by someone on the ground or that a reasonable inspection would have revealed" (Babcock v County of Albany, 85 AD3d 1425, 1426; see Ivancic v Olmstead, 66 NY2d at 351; Lillis v Wessolock, 50 AD3d at 969).
We agree with the Court of Claims that the claimants failed to demonstrate, prima facie, that the defendant had constructive notice of any alleged defect regarding the subject tree. Thus, the court's determination that the defendant did not have notice of any dangerous condition was warranted by the evidence (see W.M. Movers, Inc. v State of New York, 177 AD3d at 1022).
The claimants' remaining contentions either are without merit or need not be considered in light of our determination.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court